## Case No. 5,030.

### The FRANCESCA T.

[9 Ben. 34.] [1]

District Court, E. D. New York. Jan., 1877.

[1] [Reported by Roberet D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

Scudder & Carter, for libellants.

Butler, Stillman & Hubbard, for claimants.

BENEDICT, District Judge. This action is brought to recover wharfage.

The main question in the case is whether the vessel is liable as to a portion of the time while she lay at the libellants' wharf for full rates or only half rates of wharfage.

The rate of wharfage entitled to be charged by wharfingers at Long Island City, where this vessel lay, has been fixed by the law of the state of New York (Laws 1875, c. 482). The provision is as follows:

"Section 1. It shall be lawful to charge and receive within the cities of New York and Brooklyn and Long Island City wharfage and dockage at the following rates, viz: From every vessel that uses and makes fast to any pier, wharf or bulkhead within said cities, or makes fast to any vessel lying at such pier, wharf or bulkhead, or to any other vessel lying outside of such vessel, for every day or part of a day as follows: from every vessel of 200 tons burden and under, two cents per ton, and from every vessel over 200 tons burden, two cents per ton for each of the first 200 tons and one-half of one cent per ton for every additional ton, except that all canal boats navigating the canals in this state, and vessels known as North river barges, market boats and sloops (employed on river, &c.,) shall pay the same rates as heretofore, and the class of sailing vessels now known as lighters, shall be at one-half the first above rates; but every other vessel making fast to a vessel lying at any pier, wharf or bulkhead within said cities, or to another vessel outside of such vessel, or at anchor within any slip or basin, when not receiving or discharging cargo or ballast, one-half of the first above rates, and no boat or vessel shall pay less than .50 cents for a day or part of a day; and from every vessel or floating structure other than those used for transportation of freight or passengers double the first above rates (except floating grain elevators, &c.) and every vessel that shall leave a pier, wharf, bulkhead, slip or basin, without first paying the wharfage or dockage due thereon, after being demanded of the owner, consignee or person in charge of the vessel, shall be liable to pay double the rates established by this act."

It will be seen that according to this statute the wharfinger is entitled to charge the full rates fixed by the act for all vessels while using or made fast to the pier. Vessels not using or made fast to the pier but made fast to a vessel, lying at the pier, or to another vessel outside of such vessel, are chargeable with half rates when not receiving or discharging cargo. The provision contained in the words, "when not receiving or discharging cargo," is not applicable to a vessel when either using or made fast to the pier. In this case the vessel during part of the time lay, at what is termed a stage berth, that is she was made fast to the pier and had a stage running from her to the pier passing between two vessels that lay between her and the pier—over which stage the vessel took in cargo directly from the pier. A vessel so moored is using and made fast to the pier within the meaning of the act and is liable to pay full wharfage while so fastened to the pier and maintaining the stage in the position described, whether engaged in receiving or discharging cargo or not. The evidence, therefore, introduced to show that on some days the vessel did not work, is immaterial.

It has been contended that it is competent for the claimants to show in reduction of the libellants' claim for wharfage that the ship lay idle part of the time, because the libellants failed to furnish cargo as rapidly as it could be laden on board. But the connection of the libellants with the cargo arose from the circumstance that they were not only wharfingers but owned an oil yard where certain oil to be laden on this vessel was stored. As warehousemen in pursuance of a contract between them and a third party they delivered certain oil from their yard to this vessel, but the vessel was no party to that contract. The libellants made no contract to furnish the vessel with cargo, nor were they under any obligation whatever to the ship in respect to her cargo, and they are not liable to answer to the ship for their acts relating thereto.

It is further contended that there should be a deduction from the wharfage bill by reason of the fact that the berth at the pier which was first taken by the vessel proved not to have sufficient water, and it became necessary to stop taking in cargo during two days, at the expiration of which time the vessel moved to a safe place and the loading then proceeded. The damages arising from this detention of two days are sought to be set off against the wharfage, by way of diminishing the compensation of the wharfingers, on account of imperfect performance of their contract.

Here the difficulty is that there is no evidence whatever of the existence of any obstruction in the water at the pier, or of any imperfection in the wharf, or of any irregularities of the bottom, upon which to charge the wharfingers with negligence or a failure to perform their contract. The delay arose from the fact that the vessel when loaded as deep as the master desired to load her, required a greater depth of water than could be obtained at the place where the vessel first made fast alongside the bulkhead. When she was loaded down to some 19 feet, she touched the bottom, and it became necessary for her to move to a place where she could have some 24 feet of water. The mere fact of insufficient depth of water at the wharf does not show fault on the part

of the wharfinger that renders him liable. See Nelson v. Phoenix Chemical Works [Case No. 10,113], decided by this court. I must therefore reject the set off.

There remains only to determine whether the libellant is entitled to double wharfage as provided in the statute. In order to collect double wharfage it is incumbent on the libellant to prove a demand of the single wharfage due, made at the vessel, of the owner, consignee or a person in charge of the vessel at the time, and before the vessel leaves the pier. And the proof of such a demand made must be clear. Here the proof is not clear. Saxton swears that he presented the bill of wharfage to the captain of the vessel on Saturday afternoon between two and three o'clock. But he made no memorandum of the demand, and I am not certain that he has any definite recollection on the subject. The master denies in positive terms that the bill was ever presented to him before his vessel left the wharf, says that the vessel was not at the wharf at all in the afternoon of Saturday, and that the presentation of the bill on Saturday afternoon was at the office of the agent in New York where for the first time he saw it. The chief mate swears that the vessel finished loading on Friday and left the wharf at 8 a. m. on Saturday. He therefore also contradicts the witness Saxton; but he says that he thinks a bill was brought to him on board the vessel before she left, and as he could not read English he told the man to present it to the captain. What the bill was he cannot say. The presentation of a bill made out in English to a mate who cannot read it, accompanied by a reference to the master as the proper one to pay or refuse the bill assented to by the presentor, is not such a demand of wharfage as the statute requires to entitle the wharfinger to demand double wharfage. Plainly the mate was justified in supposing that the demand was transferred to the master according to his suggestion, and under such circumstances he cannot be held to have refused the demand. Besides, there is no evidence that the mate was the person then in charge of the vessel.

I am therefore of the opinion that the wharfinger is not entitled to recover double wharfage. There is upon the bill put in evidence a charge for the use by the vessel of a cook house on the dock. But there is no mention of such a charge in the libel. The libel is for wharfage and nothing else. Under the libel this item cannot be considered. The libellants are entitled to recover for 14 days wharfage at full rates amounting to $119 70, and as no tender has been proved, or any sum paid into court, they are also entitled to their costs.