The Shady Side.[1]

· The Morrisania.[1]

*(District Court, E. D. New York. November 13, 1884.)*

1. Wharfage—State Statute—Demand—Double Wharfage.
    The statute of the state of New York (Laws 1877, *c.* 315) provides that double wharfage may be recovered by a wharfinger from a vessel which leaves the pier without paying wharfage. *Held,* that to entitle the wharfinger to such double wharfage under that statute, there must be proof of a demand of single wharfage before the vessel departs from the pier, though the statute does not require the demand to be made at the vessel.

2. Same—Statutory Lien—Limitation.
    A lien created by a state statute, which fixes no limit of time within which the lien must be enforced, is not lost by delay.

3. Same—Pleading—Laches.
    The defense that a lien has been lost by laches, if not pleaded, must be excluded. The decision in *The Francesca T.* 9 Ben. 34, modified.

In Admiralty. ·

*A. & C. Van Santvoord,* for libelant.

*T. C. Cronin,* for claimant.

Benedict, J. These actions, which were tried together, are to enforce a lien upon the vessels proceeded against respectively for wharfage.

One question presented is whether the libelant is entitled to recover wharfage at double rates by virtue of the law of the state, (chapter 315, Laws 1877,) notwithstanding the conceded fact that no demand for the single wharfage due was made prior to the vessels' leaving the wharf. Upon this question this court is asked to reconsider the opinion expressed in the case of *The Francesca T.* 9 Ben. 34, where it was said that a demand of the single wharfage due, made of the owner, consignee, or a person in charge of the vessel, at the vessel and before she leaves the pier, was necessary to entitle the wharfinger to collect double wharfage. I have accordingly again considered the question, but am unable to see how the statute can be so construed as to entitle a wharfinger to recover double wharfage without proof of the demand of the single wharfage, made before the vessel departs from the wharf, of the owner or the consignee of the vessel, or at the vessel of the person in charge thereof at the time of the demand.

In the opinion delivered in the case of *The Francisca T.* it is said that, in order to recover double wharfage, demand of single wharfage must be made at the vessel of the owner, consignee, or person in charge; but this was inaccurate. The demand of single wharfage due must be made of the owner, the consignee, or the person in charge of the vessel; but the statute does not require the demand to be made at the vessel. With this exception, the opinion delivered in the case of *The*

---

[1] Reported by R. D. & Wyllys Benedict, Esqs., of the New York bar.

*Francisca T.* states what seems to me the correct construction to be given the statute.

The argument in opposition to this construction is that the single wharfage does not become due until the vessel has left the wharf, and a lawful demand prior to the departure of the vessel is for this reason impossible, and also for the further reason that the wharfinger has no means of knowing when the vessel intends to leave, and the amount of single wharfage to be demanded cannot be known prior to the vessel's departure.

But the statute must be presumed to have been passed in view of the well-known practice to collect wharfage at the wharf by a person then present for the purpose, who, by observation and inquiry, learns the time when each vessel intends to depart, and collects the wharfage of each vessel as the vessel is about to leave. No real difficulty is found in making out and presenting a proper bill for wharfage prior to the vessel's departure.

The object of the provision in the statute respecting double wharfage was to induce the payment of wharfage when so demanded. This customary demand of single wharfage, substantially contemporaneous with the departure of the vessel, is the demand referred to in the statute where it says every vessel that shall leave a wharf without first paying the wharfage after being demanded, shall be liable to pay double wharfage. No other construction can be given the statute without, as it seems to me, doing violence to the language employed. I am therefore of the opinion that the libelant, having failed to prove a demand of single wharfage before the vessels left the wharf, cannot recover double wharfage.

The question remains whether single wharfage can be recovered. The ground here taken in defense is that the liens have been lost by laches. But no such defense is set up in the answer, and it must therefore be excluded. *The Swallow,* Olcott, 334. Aside from the absence of any averment of laches in the pleadings, it would seem that a lien created by a statute of the state which fixes no limit of time within which the lien must be enforced, is not lost by delay. Limitations declared by statutes creating liens for repairs, etc., and made dependent on the movements of the vessel, are recognized and enforced by courts of admiralty, and any limitation made by such statute to depend upon lapse of time would no doubt be recognized and enforced by admiralty courts. Upon the same principle these courts must recognize and give effect to the absence of such a limitation from the statute.

My conclusion, therefore, is that the libelant is entitled to recover against the above-named vessels, respectively, single wharfage, at the rate prescribed by the statute of the state, for the time such vessel lay at the libelant's wharf. The amount can doubtless be agreed upon. If not, let there be a reference.